MINUTE ENTRY
KNOWLES, M.J.
NOVEMBER 3, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANAMARIA BECH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7667** |
| **WELLS FARGO BANK, N.A., ET AL.** | **SECTION "N" (3)** |

On this date, plaintiffs' Motion for Permission to File Supplemental Complaint [Doc. #26] came on for oral hearing before the undersigned. Present were Marc Michaud on behalf of plaintiffs and Kent Lambert on behalf of defendants. For the reasons stated on the record and below,

**IT IS ORDERED** that plaintiffs' Motion for Permission to File Supplemental Complaint [Doc. #26] is DENIED.

Plaintiffs seek to add an alternative cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and to clarify their claims after having received and reviewed written discovery responses from defendant. While both parties addressed leave to amend under Federal Rule of Civil Procedure 15, the Court notes that the deadline to amend pleadings was May 20, 2010.

Accordingly, the more restrictive test of Rule 16(b) - *i.e.*, "[a] schedule shall not be modified

MJSTAR(00:07)

except upon a showing of good cause" - is the operative rule.  Fed. R. Civ. P. 16(b).  The "good cause" standard focuses on the diligence of the party seeking a modification of the Court's scheduling order.  *See Am. Tourmaline Fields v. Int'l Paper Co.*, No. Civ. A. 3:96-CV-3363, 1998 WL 874825 at *1 (N.D. Tex. Dec. 7, 1998).  Movants must show that despite their diligence, they could not have reasonably met the scheduling deadline.  *Id.*

In deciding whether to grant leave to file an amended pleading, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of movant, undue prejudice to opposing party, and futility of amendment.  *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that granting "leave to amend is by no means automatic");  *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1150 (5th Cir. 1990)).  Undue delay is implicated here.

The discovery deadline in this suit is December 19, 2010.  The pre-trial conference is set on January 6, 1011, and a jury trial is set on January 18, 2011.  The Court finds that allowing plaintiffs to amend their complaint at this late date to assert an entirely new cause of action under an entirely new federal statute would seriously jeopardize the deadlines in the District Court's Scheduling Order by potentially launching a new round of discovery and further pre-trial dispositive motions.[1]  And plaintiffs have given the Court no good cause for why they could not have reasonably met the deadlines in the Scheduling Order.  That the FDCPA may apply here - as plaintiff argued at the oral hearing - is not good cause to allow amendment at such a late date.[2]

---

[1] Per the District Court's Scheduling Order, dispositive motions must be set for hearing no later than November 19, 2010, *i.e.*, they must be filed no later than November 4, 2010 (tomorrow).

[2] Because the Court denies the motion on the ground of undue delay, the Court does not address defendant's argument that the amendment is futile.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**